Howell, ,T.
Tliis is a suit upon a promissory note for $533 28, with ten per cent, interest, signed by the defendants, who allege that the whole contract is null and void, being based on a consideration (Confederate treasury notes) reprobated by the policy and laws of the United States.
The case was tried by a jury, and a verdict and judgment for §63 09 were given in favor of plaintiff, who, after an nneffectual effort to obtain a new trial, has appealed.
Our attention is called to a bill of exceptions to the ruling of the Judge a quo, admitting parol testimony to prove the consideration to bo Confederate treasury notes, to which plaintiff objected on the ground that defendants could not contradict their written acknowledgment and parol.
The. want, failure, or illegality of consideration may be established by parol between the parties to the note. 12 3VL 402, 475. 3 M. 643. 1 N. S. 90, 625. 8 N. S. 558. í L. 197. 10 L. 390. In a case like the present the paramount interest and policy of the public require, that such a defense should be allowed and established, and it is seldom, if ever, that other than parol evidence exists. 10 A. 199. 12 A. 219.
The evidence is direct that the consideration of the note sued on was Confederate treasury notes, and the whole contract is therefore null. 17 A. 263. The plaintiff is in possession of the evidence of an obligation which cannot be recognized in the Courts of this country. We agree with his counsel in the proposition that, defendants either owed him the amount of the note, or they owed him nothing-; but the cause of the contract, the consideration of the notes being manifestly unlawful, against law, good morals and public order, exacted no obligation on the part of the defendants. There should have been a judgment rejecting plaintiff's demand.
It is therefore ordered that the judgment appealed from be reversed, and the verdict of the jury set aside, and it is now ordered that tlio demand of the, plaintiff be rejected, with costs in both courts.